mon Stern against the Metropolitan Life Insurance Company. No opinion. Motion granted, and plaintiff stayed from proceeding with examination pending determination of appeal from order, with leave to plaintiff to move to vacate the stay, if the appeal be not prosecuted with diligence. Settle order on notice. See, also, 153 N. Y. Supp. 1146.

STERN v. METROPOLITAN LIFE INS. CO. (Supreme Court, Appellate Division, First Department. May 28, 1915.) Action by Solomon Stern against the Metropolitan Life Insurance Company. No opinion. Motion to vacate stay denied, without costs. Settle order on notice. See, also, 153 N. Y. Supp. 1145, 1146.

STERN v. METROPOLITAN LIFE INS. CO. (Supreme Court, Appellate Division, First Department. May 28, 1915.) Action by Solomon Stern against the Metropolitan Life Insurance Company. No opinion. Motion to dismiss appeal granted, unless appellant complies with term stated in order. Order filed. See, also, 153 N. Y. Supp. 1145, 1146.

STERN et al., Appellants, v. ROMBERG et al., Respondents. (Supreme Court, Appellate Division, First Department. June 4, 1915.) Action by Joseph W. Stern and another against Sigmund Romberg and another. J. H. Cohen, of New York City, for appellants. E. E. McCall, of New York City, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

STEWART, Appellant, v. UNITED MERCHANTS' REALTY & IMPROVEMENT CO., Respondent. (Supreme Court, Appellate Division, First Department. June 18, 1915.) Action by George W. Stewart against the United Merchants' Realty & Improvement Company. F. Pecora, of New York City, for appellant. S. M. Stroock, of New York City, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

In re STITH'S ESTATE. (Supreme Court, Appellate Division, Second Department. June 4, 1915.) In the matter of the application for letters of administration on the estate of Charles Stith, deceased, in which Louis A. Kelly appears as general guardian, and Rachel Tucker appeals. No opinion. Motion to dismiss appeal denied, on condition that appellant perfect her appeal, place the case at the foot of the present calendar, and be ready for argument when reached; otherwise, motion granted, with $10 costs.

STRAUSS, Appellant, v. ALEXANDER, Respondent. (Supreme Court, Appellate Division, First Department. April 30, 1915.) Action by Samuel S. Strauss against Robert Alexander.

L. C. Levy, of New York City, for appellant. P. Beale, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

STRONG v. GAMBIER et al. (Supreme Court, Appellate Division, Second Department. June 4, 1915.) Action by Samuel Meredith Strong against Edward V. Gambier and others. No opinion. Judgment affirmed, with costs. See, also, 155 App. Div. 294, 141 N. Y. Supp. 421.

SUMMO, Respondent, v. SNARE & TRIEST CO. et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 7, 1915.) Action by Vitacrescenza Summo, as administratrix, etc., against the Snare & Triest Company and another. No opinion. Motion to resettle order (in 166 App. Div. 425, 152 N. Y. Supp. 29) granted. See, also, 152 N. Y. Supp. 1145.

In re SUPERINTENDENT OF BANKS. BROOKLYN BANK IN CITY OF NEW YORK v. BOROUGH BANK OF BROOKLYN. (Supreme Court, Appellate Division, Second Department. June 17, 1915.) In the matter of the application of the Superintendent of Banks. Action by the Brooklyn Bank in the City of New York against the Borough Bank of Brooklyn.

PER CURIAM. Motion for stay pending appeal from the order, made by Mr. Justice Benedict at Special Term, directing the superintendent of banks to deposit with the Broadway Trust Company the sum of $12,117.33, denied. No good reason exists why the superintendent should not now make the said special deposit as directed by that order. If, before the determination of the appeal from the same, he should actually need to use that money to pay a preferred claim, or to meet necessary expenses of administration, he can apply at Special Term for leave to withdraw such deposit, and to use it for such purpose, in whole or in part, as the need may be.

SYRACUSE LIGHTING CO., Respondent, v. MARYLAND CASUALTY CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 5, 1915.) Action by the Syracuse Lighting Company against the Maryland Casualty Company.

PER CURIAM. Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over within 20 days, upon payment of the costs of the demurrer and of this appeal.

LAMBERT and MERRELL, JJ., dissent, upon the ground that the complaint in this action does not allege sufficient facts to sustain the claim of waiver of the condition of the policy upon which the suit is brought, requiring the commencement of the suit within 30 days after the payment of the judgment herein involved.